IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commission Auto, LLC, : CASES CONSOLIDATED
               Appellant :
:
v. :
:
Commonwealth of Pennsylvania, :
Department of Transportation, : Nos. 609-610 C.D. 2024
Bureau of Motor Vehicles : Submitted: December 8, 2025


BEFORE:    HONORABLE ANNE E. COVEY, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE MATTHEW S. WOLF, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                              FILED: January 28, 2026

Commission Auto, LLC (Appellant) appeals from the Philadelphia County Common Pleas Court's (trial court) April 23, 2024 order denying and dismissing its appeal from the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Motor Vehicles' (DOT) suspension of its Certificate of Appointment as an Official Safety Inspection Station (Inspection Certificate) and reinstating the suspension. Appellant presents two issues for this Court's review: (1) whether the trial court erred by denying Appellant's appeal where the sanction notice (Notice) constituted a fundamental lack of due process for failing to cite any legal authority that Appellant allegedly violated, and imposing retroactive sanctions without a pre-deprivation hearing; and (2) whether the trial court erred by denying Appellant's appeal where the record evidence does not establish any wrongdoing or, alternatively, where DOT's evidence had been objectively rebutted. After review, this Court reverses.

Appellant is an auto repair business with an Inspection Certificate. On September 7, 2022, DOT issued both a verbal and hand-delivered Notice immediately suspending Appellant's Inspection Certificate pursuant to Section 4724 of the Vehicle Code[1] for issuing a certificate of enhanced inspection without performing an enhanced inspection, and for fraudulent enhanced inspection record keeping. Specifically, DOT's September 7, 2022 Notice provided, in relevant part:

> You are hereby notified that your [Inspection Certificate] is immediately suspended, pursuant to Section 4724 of the Vehicle Code for:
>
> • **Furnish[ing], lend[ing], giv[ing], sell[ing,] or receiv[ing] a certificate of inspection without inspection**.
>
> • **Fraudulent recordkeeping**.
>
> **This suspension is effective immediately based on the above identified violation(s)**. You are ordered to surrender to the bearer of this [N]otice, who is a representative of [DOT], your [Inspection Certificate] and all [Inspection Certificates] while [DOT] completes its investigation. **Once the investigation has concluded, you will be notif[i]ed of the outcome, including[,] if any[,] additional violations are imposed**. Credit for suspension terms will begin from the date on this letter, providing all [Inspection Certificates] are surrendered to [DOT] at this time.

Reproduced Record (R.R.) at 94a (emphasis in original). The Notice also informed Appellant of its right to appeal to the trial court within 30 days of the date of the Notice, and its option to apply to the trial court for a supersedeas order to have the Inspection Certificate restored pending the appeal. *See id*.

On September 13, 2022, DOT mailed another Notice to Appellant. Therein, DOT notified Appellant that it may not perform vehicle safety inspections

---

[1] 75 Pa.C.S. § 4724. This section authorizes DOT to suspend Certificates of Appointment.

2

at its station during a 32-month suspension pursuant to Section 175.51(a) of DOT's Regulations.[2] The September 13, 2022 Notice instructed, in pertinent part:

> You are hereby notified that your [Inspection Certificate] was suspended verbally [on] September 7, 2022[,] pursuant to Section 4724 of the Vehicle Code. No vehicle safety inspections may be performed at your station during the suspension. Pursuant to [Section 175.51(a) of DOT's Regulations], your [Inspection Certificate] will be suspended for twelve (12) months for furnish[ing], lend[ing], giv[ing], sell[ing,] or receiv[ing] a certificate of inspection without inspection, twelve (12) months for fraudulent record keeping, including the lesser offenses of improper record keeping and careless record keeping, two (2) months for improperly assigning certificate of inspection, four (4) months for inspecting more than three motorcycles or two other vehicles per hour, and two (2) months for failure to verify registration, title, manufacturer's statement of origin, financial responsibility information, or inspecting a vehicle with an expired registration or when valid proof of financial responsibility has not been submitted.

> The above violation(s) relate(s) to conduct that occurred on September 7, 2022, at [Appellant's station]. The violations include, but are not limited to, Mohamed Ibrahim, Inspector #90018247 issued inspection stickers to the following vehicles without performing an enhanced inspection, outside the inspection area, in [52] minutes: 2017 Chevrolet SDN VIN-1G11Z5SA2HU132302 sticker AI209052195, 2018 Honda SDN VIN-SHHFK7H59JU201555 sticker AI209052197, 2013 Honda SDN VIN-1HGCR2F36DA037216 sticker AI209052196. Moham[e]d Ibr[a]h[i]m failed to properly verify ownership by using copies of titles.

> The suspension(s) will run consecutively for a total suspension of thirty-two (32) months. This suspension is to run consecutively with any other suspension(s) imposed by [DOT] for any violation considered separately. **The suspension commenced on <u>September 7, 2022</u>**.

---

[2] 67 Pa. Code § 175.51(a).

R.R. at 102a (all emphasis in original).

On October 2, 2022, Appellant timely filed two appeals in the trial court, one from the September 7, 2022 Notice and one from the September 13, 2022 Notice. The trial court held the first part of a consolidated, bifurcated non-jury trial on January 26, 2024. On April 19, 2024, the trial court held the second part of the non-jury trial. By April 23, 2024 order, the trial court denied Appellant's appeals and reinstated the suspension. On May 9, 2024, Appellant timely appealed to this Court.[3] Also, on May 9, 2024, the trial court ordered Appellant to file a Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1925(b) (Rule 1925(b) Statement) for each appeal. On May 9, 2024, Appellant timely filed both of its Rule 1925(b) Statements. On July 17, 2024, the trial court filed its opinion. By January 31, 2025 Order, this Court consolidated the appeals.

Appellant first argues that the trial court erred by denying Appellant's appeal where the Notices constituted a fundamental lack of due process because DOT did not cite any legal authority that Appellant allegedly violated and the Notices imposed retroactive sanctions without a pre-deprivation hearing. Concerning the alleged retroactive sanctions, lead auditor, quality assurance officer Anna Yondura (Yondura) testified at the trial court hearing that she conducted Appellant's audit on September 7, 2022.[4] *See* R.R. at 51a. Because Appellant's suspension commenced that day, they were not retroactive and, thus, the trial court did not err by determining that the Notices did not retroactively impose suspensions.

___

[3] This Court's "review in an inspection certificate suspension case 'is limited to determining whether the trial court committed an error of law or whether the trial court's findings are supported by substantial evidence.'" *Perez-Diaz v. Dep't of Transp., Bureau of Motor Vehicles*, 298 A.3d 484, 490 n.2 (Pa. Cmwlth. 2023) (quoting *Fiore Auto Serv. v. Dep't of Transp., Bureau of Motor Vehicles*, 735 A.2d 734, 736 n.8 (Pa. Cmwlth. 1998)).

[4] Yondura works for Parsons, a subcontractor for DOT. *See* R.R. at 51a.

Relative to Appellant's due process issue, this Court recently addressed the same argument in *Rockland Collision Center, Inc. v. Department of Transportation, Bureau of Motor Vehicles*, ___ A.3d ___ (Pa. Cmwlth. No. 608 C.D. 2024, filed Dec. 19, 2025), and *Manna v. Department of Transportation, Bureau of Motor Vehicles* (Pa. Cmwlth. Nos. 785, 786 C.D. 2022, filed Oct. 22, 2024).[5]

In *Rockland Collision Center*, this Court explained:

> Generally, due process demands that "[t]he government cannot revoke a benefit or privilege it has granted unless it affords the affected person notice and an opportunity to be heard." *Ganoe v. Dep't of Transp., Bureau of Driver Licensing*, 247 A.3d 91, 95 (Pa. Cmwlth. 2021) (citing *Goldberg v. Kelly*, 397 U.S. 254, 267-68 (1970)). Regarding notice of an inspection station's alleged violations, this Court recently explained that "**due process requires citation to the statutory or regulatory provisions that were allegedly violated**." *Manna . . .*, slip op. at 13 (citation omitted).
>
> . . . . [This Court] in *Manna* affirmed the trial court's determination [that DOT] violated the inspection station's due process rights by only citing the penalty provisions in [DOT's R]egulations and not citing any substantive [R]egulation or [Vehicle] Code provisions which the inspection station may have violated. *Id*. at 14. Specifically, the trial court determined [DOT's] failure to cite substantive provisions required the trial court "to speculate as to what provisions [the inspection station] violated, which the trial court found impermissible." *Id*. at 10. Concluding [DOT's] failure violated the inspection station's due process rights, [this Court] in *Manna* affirmed the trial court's order sustaining the inspection station's appeal and rescinding [DOT's] suspension of the inspection station's certificates.

---

[5] This Court may cite unreported memorandum opinions of this Court issued on or after January 15, 2008, for their persuasive value. *See* Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a). *Manna* is cited for its persuasive value.

*Rockland Collision Ctr.*, ___ A.3d at ___, slip op. at 9-11 (emphasis added). Consequently, because the notice in *Rockland Collision Center* also did not include any substantive Vehicle Code or Regulation provisions, the *Rockland Collision Center* Court held: "[L]ike in *Manna*, [**DOT's**] **failure to cite substantive [Vehicle] Code or [R]egulation provisions violated [the i]nspection [s]tation's due process rights**." *Rockland Collision Ctr.*, ___ A.3d at ___, slip op. at 12 (emphasis added).

Similarly, here, in the Notices, DOT only cited Section 4724 of the Vehicle Code and the penalty provision in Section 175.51(a) of DOT's Regulations, not the specific substantive provisions Appellant purportedly violated. Section 175.51(a) of DOT's Regulations does not list elements of offenses or identify where in the Vehicle Code or DOT's Regulations the substantive requirements exist. In addition, the Notices did not apprise Appellant of that information. Accordingly, the trial court erred by determining that DOT's failure to cite substantive Vehicle Code or Regulation provisions did not violate Appellant's due process rights.[6]

For all of the above reasons, the trial court's order is reversed.

_____
ANNE E. COVEY, Judge

---

[6] Because of this Court's disposition of Appellant's first issue, it does not reach Appellant's second issue.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Commission Auto, LLC, | : | CASES CONSOLIDATED |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| Commonwealth of Pennsylvania, | : | |
| Department of Transportation, | : | Nos. 609-610 C.D. 2024 |
| Bureau of Motor Vehicles | : | |

## O R D E R

AND NOW, this 28th day of January, 2026, the Philadelphia County Common Pleas Court's April 23, 2024 order is reversed.

_____
ANNE E. COVEY, Judge